**Electronically Filed
Intermediate Court of Appeals
29923
24-NOV-2010
10:11 AM**

NO. 29923

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CORNELIUS WESLEY DURHAM, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0220(2))

SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ. with
Nakamura, C.J., dissenting separately)

Defendant-Appellant Cornelius Wesley Durham (Durham) appeals from the "Order Revoking Probation and Resentencing Defendant" filed on June 26, 2009 in the Circuit Court of the Second Circuit (circuit court).[1] The circuit court revoked Durham's probation and resentenced him to a five-year term of probation with a one-year jail term.

On appeal, Durham asserts: (1) that the circuit court abused its discretion in revoking his probation because he did not inexcusably fail to comply with a substantial condition of his probation and (2) that he received ineffective assistance of counsel.

---

[1] The Honorable Rhonda I.L. Loo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Durham's points of error as follows:

(1) It is well-established that "[a] sentencing court may revoke a defendant's probation and impose a new sentence if the defendant, who is granted probation, fails to abide by the terms of probation." State v. Perry, 93 Hawai'i 189, 194, 998 P.2d 70, 75 (App. 2000) (citing State v. Gamulo, 69 Haw. 424, 425-26, 744 P.2d 1208, 1209 (1987); State v. Viloria, 70 Haw. 58, 60-61, 759 P.2d 1376, 1378 (1988)).

Hawaii Revised Statutes (HRS) § 706-625(3) (Supp. 2006) provides, in relevant part: "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony." A circuit court's decision that a defendant failed to comply with a substantial requirement imposed as a condition of an order of probation is a finding of fact reviewed under the clearly erroneous standard, while its decision that the failure was inexcusable is a conclusion of law reviewed de novo under the right/wrong standard. State v. Reyes, 93 Hawai'i 321, 327, 2 P.3d 725, 731 (App. 2000); State v. Lazar, 82 Hawai'i 441, 443, 922 P.2d 1054, 1056 (App. 1996). "A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Reyes, 93 Hawai'i at 327, 2 P.3d at 731 (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 119, 839 P.2d 10, 29 (1994)) (brackets omitted).

The circuit court's finding that Durham "failed to comply with a substantial requirement imposed as a condition of [probation]" is a finding of fact which was not clearly

erroneous, as there is substantial evidence in the record to support this finding. Pursuant to a plea agreement reached with the State, Durham pled no contest to two counts of sexual assault in the third degree in violation of HRS § 707-732(1)(d)) (1993 and Supp. 2006). Durham was sentenced to a five-year probation term. As part of his probation, Durham was required to comply with certain specified terms and conditions, including one which provided: "You must participate satisfactorily in the Hawaii Sex Offender Treatment Program (HSOTP) with the provision that you obtain and maintain sex offender treatment, as approved by your probation officer, at your own expense until clinically discharged with the concurrence of your probation officer" (Special Condition J).[2] Thus, Durham's premature termination from the Catholic Charities Sex Offender Treatment Program (SOTP) on June 27, 2008, prior to being clinically discharged and without the concurrence of his probation officer, constituted a failure to comply with a substantial requirement of his probation.

The circuit court's determination that such failure was "inexcusable" was correct and was supported by the trial court's findings of fact. Durham argues that he was only terminated due to his attorney-friend Leslie Iczkovitz's interference, in particular a letter sent by Iczkovitz to Durham's probation officer and therapist, which was also copied to Durham.[3]

---

[2] Durham signed the terms and conditions on September 28, 2007, thereby attesting that "the foregoing terms and conditions have been explained to me; I fully understand them, agree to abide by them in every way and understand the consequences, I have received a copy of these terms and conditions of probation."

[3] On June 25, 2008, Iczkovitz sent a letter purporting to represent Durham "in the matter regarding his terms of probation" which was addressed to both Durham's probation officer and his SOTP therapist. In the letter, Iczkovitz accused them of violating Durham's constitutional rights through the limitations placed on him as part of his sex offender treatment. Durham was copied on the letter.

However, Durham was aware of the letter by Iczkovitz, had discussed with Iczkovitz the restrictions being placed on him by the SOTP, and Durham cannot disclaim responsibility for the letter. The letter itself challenged the restrictions that were placed on Durham by his therapist and probation officer as a result of recent events that were deemed high risk or inappropriate situations for him.

Contrary to Durham's contention, the evidence adduced at the revocation hearing on June 4, 2009 demonstrated that Durham was terminated from the Catholic Charities SOTP for the following four reasons: (1) the threat of legal action contained in the Iczkovitz letter created an ethical conflict between Durham and his therapist and interfered with the therapeutic relationship; (2) the allegations in the letter demonstrated Durham's resistance to treatment and a lack of desire to participate; (3) Durham signed a behavioral contract "under duress," which signaled a resistance to treatment; and (4) Durham was unwilling to fully participate in group therapy by refusing to discuss the letter with the group. We agree with the circuit court that Durham's failure to comply with Special Condition J was inexcusable.

(2) Durham's second point of error is that his attorney-friend Leslie Iczkovitz's faulty legal advice constituted ineffective assistance of counsel. This assertion lacks merit. Both the United States Constitution and the Hawaiʻi Constitution guarantee a criminal defendant the right to effective assistance of counsel in his or her defense. See Haw. Const. art. I, § 14 ("[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for the accused's defense.") (emphasis added); U.S. Const. amend. VI. ("[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.").

Here, Durham's counsel for his defense were Philip H. Lowenthal, Esq. and the Office of the Public Defender, who represented Durham during the criminal proceedings. Iczkovitz was never Durham's attorney of record and neither Iczkovitz's questionable advice nor his writing of the June 25, 2008 letter can constitute ineffective assistance of counsel, as Iczkovitz was not involved in Durham's "defense."

Accordingly, the Order Revoking Probation and Resentencing Defendant filed on June 26, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, November 24, 2010.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Associate Judge

Associate Judge